# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2289 | **DATE** | 11/4/2003 |
| **CASE TITLE** | Puthusserill vs. Shell Oil | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___ ___.

(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on ____ set for __ ___ at ___ ____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendants' motion for summary judgment (36). The case is set for a status hearing on 11/19/03 at 9:30 a.m. for the purpose of setting a trial date and discussing the possibility of settlement. Trial counsel are directed to appear personally. Plaintiff is directed to make a written settlement demand to defendants by 11/10/03, and defendants are directed to respond to plaintiff in writing by 11/17/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV - 6 2003 | |
| | Notified counsel by telephone. | date docketed | 42 |
| ✓ | Docketing to mail notices. | IS | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN PUTHUSSERILL d/b/a<br>HICKORY SHELL FOOD MART,<br><br>           Plaintiff,<br><br>vs.<br><br>SHELL OIL COMPANY; EQUILON<br>ENTERPRISES, LLC, d/b/a SHELL OIL<br>PRODUCTS US; EQUIVA SERVICES,<br>LLC,<br><br>           Defendants. | Case No. 02 C 2289 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

John Puthusserill has filed suit against Shell Oil Company, Equilon Enterprises, LLC, and Equiva Services, LLC, alleging violations of the Petroleum Marketing Practices Act, common law fraud, and violations of the Illinois Franchise Disclosure Act and Uniform Deceptive Trade Practices Act. Defendants have moved for summary judgment on claims 2 and 6 of Puthusserill's amended complaint. For the reasons stated below, defendants' motion is denied as to both claims.

### FACTS

Puthusserill is a former Shell-brand gasoline station franchisee. Shell is a well-known company engaged in the business of producing and distributing petroleum products. Shell was the original party to Puthusserill's initial franchise agreements. In 1998, Shell assigned these agreements to Equilon. Equilon began as a joint venture between Shell and Texaco, another oil

1



company, to combine their refining and marketing operations in the western United States. At Equilon's inception, Shell owned fifty-six percent of the company, and it recently acquired the balance of Texaco's interest. The third defendant, Equiva, is an administrative support services company. It is owned jointly by Equilon and another company that is itself owned in large part by Shell. Puthusserill alleges that each defendant is the alter ego of the others and that it is appropriate to pierce the corporate veil and hold each defendant liable for the actions of the others.

Puthusserill alleges that before the joint ventures between Shell and Texaco, Shell provided a Variable Rent Program (VRP), by which lessee-dealers could obtain relief from high contract rent. Puthusserill maintains that shortly after the alliance between Shell and Texaco, the VRP was eliminated as part of a marketing plan designed to convert lessee-dealers' stations into company-owned stations. Puthusserill claims he experienced a substantial increase in his rent after the elimination of the VRP. He says he began to complain to Equilon representatives, repeatedly asking them whether there was any way to challenge his high contract rent. Puthusserill asserts that Equilon's representatives intentionally misrepresented that there was nothing he could do to contest his high contract rent. Puthusserill further alleges that the Equilon representatives intentionally concealed from him the availability of the Interim Rent Challenge (IRC), a process by which a lessee-dealer could in fact challenge his contract rent. Puthusserill asserts that as a result of Equilon's concealment and fraudulent misrepresentations, he has suffered special and consequential damages, in amounts "according to proof at the time of trial." He also seeks punitive damages.

Puthusserill also contends that defendants unreasonably prevented him from selling or

assigning his Shell franchise, by purposefully dissuading prospective purchasers. He further contends that defendants unreasonably refused to approve prospective buyers who were ready, willing, and able to purchase his franchise. These actions, according to Puthusserill, directly violate a provision in the franchise agreement which, according to Puthusserill, requires defendants to act reasonably in determining whether to consent to an assignment of a franchise.

Defendants have moved for summary judgment on these two claims (claims 2 and 6 of Puthusserill's amended complaint). For the reasons stated below, we deny defendants' motions for summary judgment on both claims.

## DISCUSSION

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must construe the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002).

### A. Claim 2

In his second claim, Puthusserill asserts a claim of fraud based on his allegation that defendants deliberately failed to disclose the availability of the IRC program and misrepresented to him that there was nothing he could do to obtain relief from his high contract rent. Defendants contend that the Puthusserill cannot establish an essential element of his claim, namely, that a false statement or omission of material fact was made. Defendants argue that they are entitled to summary judgment on this claim because the IRC program was not available to the Puthusserill,

3

and therefore, defendants did not commit fraud by failing to inform Puthusserill of its existence.

However, because Puthusserill has put forth sufficient evidence to create a genuine issue as to whether the IRC was in fact available to him, and that the defendants deliberately failed to disclose this information, summary judgment on this claim is precluded. Defendants contend that the deposition testimony of J. Michael Greer, the General Manager of Equilon's Midwest region, establishes conclusively that the IRC was not available to lessee-dealers in Illinois. (Defendants' Memorandum of Law, pp. 4-6). Puthusserill, however, has offered the deposition testimony of George Radici, an Equilon Sales Manager in a different region who stated that the IRC was available to *all* Shell retailers. Puthusserill has also offered the testimony of Chris Walls, who he describes as his former "Equilon Sales Consultant", who likewise stated that the program was available to all Shell retailers. Though the foundation for Walls' testimony is unclear--the Court cannot determine whether Walls was Equilon's employee, Puthusserill's, or an independent consultant--Radici's testimony together with certain documentary evidence is sufficient to create a genuine factual issue on this score. For this reason, defendants are not entitled to summary judgment on claim 2.

### B. Claim 6

Defendants also contend they are entitled to summary judgment with respect to Puthusserill's sixth claim, which on the face of the amended complaint is a claim for breach of the implied covenant of good faith and fair dealing. Puthusserill alleges that defendants breached this covenant by unreasonably preventing him from selling or assigning his Shell franchise. Defendants correctly note that Illinois does not recognize an independent cause of action in tort

4

for a breach of good faith. *Voyles v. Sandia Mortgage Corporation*, 196 Ill.2d 288, 297, 751 N.E.2d 1126, 1131-32 (2001). Puthusserill concedes this but says the claim may be sustained as a claim for breach of contract based on defendants' failure to act in good faith in exercising their contractual discretion with regard to the approval of proposed sales or assignments of the franchise. In Illinois, a party to a contract can assert a claim for breach of a contractual provision conferring discretion when the party having the discretion fails to exercise it in good faith. *See, e.g., Echo, Inc. v. Whitson Co.*, 121 F.3d 1099, 1106 (7th Cir. 1997).

The Court has no idea whether Puthusserill can establish the predicate for a claim for breach of contract along these lines. Among other things, he has not identified any particular proposed transfer of the franchise that defendants are claimed to have unreasonably refused. And defendants did not bother to file a reply to Puthusserill's response to the summary judgment motion. Thus, we can address the claim only in the manner defendants initially attacked it, that is, by making what was for all practical purposes a challenge to claim 6 for failure to state a claim. Claim 6 sufficiently put defendants on notice that Puthusserill contends they breached the franchise agreement by unreasonably withholding their consent to sell his franchise. For this reason, and because Puthusserill can properly pursue such a claim under Illinois law, the Court denies defendants' motion for summary judgment as to claim 6.

## CONCLUSION

For the foregoing reasons, the Court denies defendants' motion for summary judgment [Docket no. 36]. The case is set for a status hearing on November 19, 2003 at 9:30 a.m. for the purpose of setting a trial date and discussing the possibility of settlement. Trial counsel are

directed to appear personally. Plaintiff is directed to make a written settlement demand to defendants by November 10, 2003, and defendants are directed to respond to plaintiff in writing by November 17, 2003.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 4, 2003